KEVIN D. JAMISON (Bar No. 222105)
kjamison@jec-legal.com
JUSTIN F. CRONIN (Bar No. 260188)
jcronin@jec-legal.com
JAMISON EMPTING CRONIN, LLP
825 East 4th Street, Suite 204
Los Angeles, California 90013
Telephone (213) 246-2732
Facsimile (626) 314-1833

Attorneys for Defendants ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, erroneously sued and served as CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, successor-in-interest to BF Sturtevant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK W. DENNIS and ROSA DENNIS,<br><br>  Plaintiffs,<br><br>  vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, etc., et al.<br><br>  Defendants. | Case No: 2:19-cv-09343-GW-KS<br><br>[PROPOSED] ORDER GRANTING STIPULATION RE PROTECTIVE ORDER RE EXPORT-CONTROLLED DOCUMENTS (Amended)<br><br>Judge: Hon. George H. Wu<br>Courtroom: 9D, First Street Courthouse<br><br>Case Filed: October 30, 2019<br>Trial Date: October 20, 2020 |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Amended Stipulation Re Protective Order Re Export-Controlled Documents ("Stipulation") filed on July 13, 2020, the terms of the protective order to which the parties have agreed are adopted as a protective order of this**

**Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 5, 8, 10, 11, and 12 of the Stipulation.**

<u>**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT**</u>[1]

The Court, having reviewed the Stipulation re Protective Order re Export-Controlled Documents, and upon finding particularized good cause appearing therefore to maintain confidentiality, orders as follows:

IT IS HEREBY ORDERED that the Stipulation is GRANTED and all documents subject to the Stipulation (namely, those listed on <u>Exhibit A</u>) shall remain confidential and shall be returned to Westinghouse at the conclusion of this lawsuit in accordance with the Stipulation. The Court further ORDERS as follows:

1. All documents and information in this action, including during all discovery matters, such as depositions, document productions, interrogatory responses, expert reports and party admissions, and all court and trial presentations shall comply with the applicable U.S. Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations ("ITAR") and the export control laws of the U.S. Government (documents and information subject to such laws are referred to collectively as "export-controlled documentation").

2. Export-controlled documentation (*i.e.,* documents protected from disclosure and dissemination by the Arms Export Controls Act, U.S. Export Administration Regulations ("EAR") and the Export Administration Act, the International Traffic in Arms Regulations ("ITAR") and the export control laws of the

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

U.S. Government) shall not be disclosed to any person, including any party, witness, consultant, expert or corporate representative that is not a United States citizen or lawful permanent resident of the United States or a protected individual granted asylum or refugee status or to a foreign corporation that is not organized or incorporated to do business in the United States (collectively known as "non-US persons").

3. The statement **"Export-controlled - this document contains data whose export/ transfer/disclosure is restricted by US law. Dissemination to non-US persons whether in the United States or abroad requires an export license or other authorization," "Export-Controlled,"** or similar shall be placed on each individual page of all export-controlled documentation in order to properly identify that the document is considered by Westinghouse to be export controlled documentation. The list of export-controlled documentation presently identified as subject to this Stipulated Protective Order is attached as Exhibit A.

4. Unless ordered by the Court, or otherwise provided for herein, the export-controlled documentation disclosed shall be kept confidential in accordance with the terms of this Order, and will be held and used by the party receiving such information solely in connection with this civil action and will be used for no other purpose.

5. In the event Plaintiffs challenge Westinghouse's designation of a document, statement, report, or testimony as export-controlled, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court, but shall abide by the designation pending the Court's resolution. Nothing in this Order or the Stipulation underlying this Order operates to create an admission by any party that export-controlled documentation disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all export-controlled documentation disclosed, in accordance with applicable law and Court

rules.  **The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.* and consistent with the Court's pre-motion discovery procedures.  The Designating Party shall bear the burden of establishing the propriety of the challenged designation.**

6. At the conclusion of litigation, the export-controlled documentation and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to Westinghouse or certified as destroyed. For the purposes of this paragraph, the "conclusion of litigation" shall mean by settlement, by the final decision of the Court that has become nonappealable, or by a final disposition on appeal.

7. No party shall, for himself/herself or itself or for any person or persons acting on his/her or its behalf, make electronic copies of any export-controlled documentation or transmit export-controlled documentation by electronic means.

8. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to export-controlled documentation; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.  **Any modification of the Protective Order take effect only upon a court order approving it.**

9. Good cause exists for this Order in that while the parties recognize that the subject documents are discoverable and there exists a general presumption of openness to discoverable materials, in light of the applicable U.S. Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations ("ITAR") and the export control laws of the U.S. Government, there exists a legislative scheme adopted to advance the national security interests of the United States Government and overcome general presumptions of openness and disclosure such that Westinghouse cannot legally disclose the protected documents to plaintiffs'

counsel in absence of this Stipulation and the accompanying Order.  EAR (15 C.F.R.§ 730, et seq.) governs whether a person may export something from the United States, reexport it from a foreign country, or transfer something from one person to another in a foreign country.  EAR applies to physical items as well as to technology and software.  ITAR (22 C.F.R. § 120-130) is a United States regulatory regime to restrict and control the export of defense and military-related technologies to safeguard U.S. national security and to further U. S. foreign policy objectives.  Both EAR and ITAR are instrumental in protecting national security interests of, *inter alia*, the plans, specifications, equipment, etc., of United States Naval vessels, including the ships at issue in this action.  Because of the national security interests underlying the legislative scheme to protect documents of the type listed on Exhibit A (and specifically those documents listed on Exhibit A), Westinghouse is not at liberty to disclose certain documents subject to EAR and ITAR (namely in this action, those documents listed on Exhibit A) without a stipulation from plaintiffs' counsel to abide by the nondisclosure requirements of those federal regulations.

**10. If any Party should desire to include any confidential information or Item in any papers filed with the Court, the Party shall file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

**11. Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

**12. This provision will not apply to court filings or file copies of pleadings, briefs, or correspondence maintained by the parties' respective counsel in the ordinary course of business.**

1  IT IS SO ORDERED.

3  DATED: July 14, 2020

*/s/ Karen L. Stevenson*
Honorable Karen L. Stevenson
United States District Court Magistrate Judge

# EXHIBIT A

## DOCUMENTS SUBJECT TO STIPULATION RE PROTECTIVE ORDER

### Patrick Dennis, et al.. v. Air & Liquid Systems Corp., et al.

### US District Court Case No. 2:19-cv-09343-GW-KS

| Ship | Bates Range |
| --- | --- |
| USS Lyman K. Swenson (DD 729) | LYSWN-28 to LYSWN-31; LYSWN-38 to LYSWN-40 |
| USS Bridget (DE 1024) | BRIDG-21 to BRIDG-28; BRIDG-34 to BRIDG-35 |

## CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 825 East Fourth Street, Suite 204, Los Angeles, CA 90013.

On July 13, 2020, I served the following document(s): **[PROPOSED] ORDER GRANTING STIPULATION RE PROTECTIVE ORDER RE EXPORT-CONTROLLED DOCUMENTS (Amended)** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

FROST LAW FIRM, PC
273 West 7th Street
San Pedro, CA 90731
Tel.: (866) 353-6376 Fax: (310) 361-8803

THE LAW OFFICES OF WORTHINGTON & CARON, PC
273 W. 7th Street
San Pedro, CA 90731
Tel.:(310) 221-8090 Fax: (310) 221-8095
*Attorneys for Plaintiffs*

ALL PARTIES REGISTERED TO RECEIVE ELECTRONIC NOTIFICATION VIA FILE&SERVEXPRESS

☐ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☒ By E-Service: I electronically filed and served the above document(s) via CM/ECF PACER on the parties registered under this case to receive electronic notification.

Executed: July 13, 2020

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

James A. Choi
4520.4818

---

[PROPOSED] ORDER GRANTING STIPULATION RE PROTECTIVE ORDER RE EXPORT-CONTROLLED DOCUMENTS
2:19-cv-09343-GW-KS