Edward R. Hugo [Bar No. 124839]
Robert J. Bugatto [Bar No. 209418]
HUGO PARKER, LLP
240 Stockton Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: service@hugoparker.com

Attorneys for Defendants
FOSTER WHEELER ENERGY CORPORATION and
FOSTER WHEELER LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK W. DENNIS and ROSA DENNIS,<br><br>Plaintiffs,<br><br>v.<br><br>ALFA LAVAL, INC., et al.,<br><br>Defendants. | Case No. 2:19-CV-9343-CAS-KS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS FOSTER WHEELER ENERGY CORPORATION AND FOSTER WHEELER LLC's MOTION FOR SANCTIONS AGAINST ATTORNEY SCOTT FROST<br><br>Date:  November 20, 2023<br>Time:  8:30 a.m.<br>Judge:  Hon. George H. Wu<br>Dept.:  9D, 9th Floor<br><br>Trial Date:  November 7, 2023 |

## I.   INTRODUCTION AND BASIS FOR RELIEF

There are only two questions to be answered before determining the amount of sanctions to be awarded against Mr. Frost in this matter and neither of them are in dispute. First, when did Mr. Frost know that he would be unavailable to try this case on October 3, 2023? By his own admission, it was no later than August 30, 2023. Second, when did Mr. Frost first inform the Court and/or opposing counsel of his

1

unavailability? Again, by his own admission, it was September 27, 2023.[1] His willful concealment of his unilateral need to continue the trial violated the following:

1) Rule 16(f) of the Federal Rules of Civil Procedure;
2) 28 U.S.C. § 1927; and
3) The Honorable George H. Wu's procedures, which specifically require requests for continuances to be sought "well in advance" of the hearing date.

Foster Wheeler has incurred costs in the amount of **$16,708.74** that were completely unnecessary and should be awarded as sanctions against Mr. Frost.

## II.   BACKGROUND FACTS

### A. Mr. Frost Knew That He Would Not Be Available for the October 3rd Trial Date No Later than August 30th

No later than August 30, 2023, Mr. Frost knew that he would not be available to try this case on October 3, 2023. [*See* Declaration of Scott Frost, Case 2:19-cv-09343-GW-KS Document 467 Filed 09/27/23, ¶¶ 19-25.] Per Mr. Frost's Declaration in Support of Plaintiff's Ex Parte Application to Continue October 3, 2023 Trial Date [Doc No. 466], "[s]ince the completion of [his] last trial on August 30, 2023," he has "not appeared in state or federal court for any depositions, hearings, trial calls or any substantive legal matters . . . ." [Doc. 467, ¶ 25.] Nevertheless, it was not until September 27, 2023 that Mr. Frost informed this Court and counsel that he would be unavailable to try this case six days later on October 3, 2023 and that he was requesting a 60-day to 90-day continuance of the trial date. [Doc. 467, ¶ 24.]

---

[1] Mr. Frost's family situation is sympathetic and deserves our condolences. But the cause of his unavailability is not relevant to the issues presented. Once the unavailability was known, the duty to act appropriately was triggered.

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS FOSTER WHEELER ENERGY CORPORATION AND FOSTER WHEELER LLC's MOTION FOR SANCTIONS AGAINST ATTORNEY SCOTT FROST

### B. Mr. Frost Intentionally Concealed His Trial Unavailability Despite Filing a Request to Continue the September 18th Pretrial Conference on Other Grounds

Mr. Frost's intentional concealment of his unavailability for trial is particularly egregious given that on September 13, 2023 his office filed a request for a continuance of the September 18, 2023 **pretrial** conference **without** mentioning Mr. Frost's unavailability to practice law since August 30, 2023, his indispensability as the trial lawyer, and his unavailability for trial for the next two to three months. [*See* Doc. No. 455, Plaintiff's Request to Continue Pretrial Conference Due to Unavailability of Counsel, filed 09/13/23.]

### C. Mr. Frost's Unavailability Was Not Mentioned at the September 18th Pretrial Conference

Mr. Frost's **second** missed opportunity to advise the Court and counsel of his unavailability and indispensability was at the in-person pretrial conference on September 18, 2023. Foster Wheeler's counsel incurred the expense of traveling to Los Angeles for this conference even though Mr. Frost knew, and had known since August 30th, that he was not available to try this case for the next several months. At the September 18th pretrial conference, another attorney from Mr. Frost's office appeared and did not mention Mr. Frost's unavailability because apparently Mr. Frost had "not shared the details of [his] mother's issues with [his] firm."[2] [Doc. No. 467, ¶ 26.] At the pretrial conference, there was discussion of some experts possibly not being available during certain weeks in October, but nary a word was mentioned of Mr. Frost's expected unavailability, his indispensability, or even the hint of any outside concerns requiring his attention.

---

[2] Mr. Frost attempts to justify his failure to advise his office of his unavailability for trial in his Second Supplemental Declaration by saying that he had no way of knowing that his mother would continue to decline by the pretrial conference. [*See* Second Supplemental Decl. of Frost, Case 2:19-cv-09343-GW-KS, Doc. No. 476, filed 10/04/23, ¶ 7.] However, his mother had already undergone several hospitalizations, was in decline, and all of this required him to travel to Kentucky. [*See* Frost Decl., Doc. No. 467, ¶¶ 10-17.]

Mr. Frost spent the entire month of September without, apparently, spending a single day on trial preparation in this or any other case.[3] At the same time, he considered his availability essential to the prosecution of this action on behalf of Mrs. Dennis, yet failed to inform anyone of the need for a continuance until weeks had passed and a few scant days remained before trial. No one knew of his need to engage in actions that would require a continuance until a week before trial. This Court and Foster Wheeler were forced to spend significant time and expense, all of which could have been avoided, if only Mr. Frost had fulfilled his obligations to the Court and counsel.

### D. Mr. Frost's Failure to Fulfill His Obligations Resulted in the Court Halting Trial After the Completion of Jury Hardships.

After Mr. Frost's inexcusably late disclosure of his situation on September 27th, Foster Wheeler's trial preparation continued. Foster Wheeler's counsel traveled to Los Angeles for trial on October 11 (which had been continued from October 3). However, at the conclusion of jury hardships, the trial was stopped and continued to November 7 because Mr. Frost had to leave, and Mr. Frost claimed that nobody else in his office could try the case other than him. If Mr. Frost had advised his own firm of his unavailability on August 30th when he became aware of it, other attorneys in his firm would have had a month-and-a-half to prepare for the continued trial date of October 11. Instead, Mr. Frost did not advise anyone until September 27th, leaving his colleagues only two weeks to prepare for trial, thereby necessitating a further continuance to November.

### E. Foster Wheeler's Costs Incurred Due to Mr. Frost's Conduct

The costs Foster Wheeler incurred due to Mr. Frost's lack of candor, for which

---

[3] The fact Mr. Frost had multiple matters set for trial throughout California makes his failure to so inform the Court even more perplexing. Continuances would have to be sought in some cases; presumably, the cases with living plaintiffs would take precedence for his firm.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS FOSTER WHEELER ENERGY CORPORATION AND FOSTER WHEELER LLC's MOTION FOR SANCTIONS AGAINST ATTORNEY SCOTT FROST

it seeks reimbursement, are as follows:

| Date | Charge | Amount |
|---|---|---|
| 9/17/2023 | Mr. Hugo's flight from Oakland to Burbank for pretrial conference the next day; and Mr. Hugo's return flight from Burbank to Oakland after pretrial conference | $647.97 |
| 9/17/2023 | Cab fare from Burbank airport to hotel in Los Angeles for pretrial conference | $67.92 |
| 9/17/2023-9/18/2023 | Hotel charges for pretrial conference (2 rooms) | $462.40 |
| 9/18/2023 | Uber from court to Burbank airport after pretrial conference | $40.68 |
| 9/17/2023-9/18/2023 | Mr. Hugo's airport parking fees | $40.00 |
| 9/17/2023 | Ms. Ghanaat's Lyft ride from residence to Oakland airport for flight to Los Angeles for pre-trial conference the next day | $46.79 |
| 9/17/2023 | Ms. Ghanaat's flight from Oakland to Burbank for pretrial conference the next day | $323.98 |
| 9/18/2023 | Ms. Ghanaat's return flight from Burbank to Oakland after pretrial conference | $323.98 |
| 9/18/2023 | Ms. Ghanaat's Lyft ride from Oakland airport to residence after pre-trial conference | $51.53 |
| 10/4/2023 | Preparing exhibits, assembling binders, delivering to court | $11,233.48 |
| 10/9/2023 | Overnight boxes of trial binders to Los Angeles | $475.10 |

| | | |
|---|---|---|
| | for trial in two days | |
| 10/10/2023 | Ms. Ghanaat's Lyft ride from residence to Oakland airport for flight to Los Angeles for trial the next day | $50.20 |
| 10/10/2023 | Mr. Hugo's flight from Oakland to Burbank for trial the next day | $402.98 |
| 10/10/2023 | Ms. Ghanaat's flight from Oakland to Burbank for trial the next day | $402.98 |
| 10/10/2023 | Cab fare from Burbank airport to hotel in Los Angeles for trial | $64.50 |
| 10/11/2023 | Uber from court to Burbank airport after trial was stopped in the middle of jury hardships | $60.27 |
| 10/11/2023 | Mr. Hugo's return flight from Burbank to Oakland after trial was stopped in the middle of jury hardships | $376.98 |
| 10/11/2023 | Ms. Ghanaat's return flight from Burbank to Oakland after trial was stopped in the middle of jury hardships | $376.98 |
| 10/10/2023-10/11/2023 | Hotel charges during trial (2 rooms) | $1,148.18 |
| 10/10/2023-10/11/2023 | Mr. Hugo's airport parking fees | $52.00 |
| 10/11/2023 | Ms. Ghanaat's Lyft ride from Oakland airport to residence after trial was stopped in the middle of jury hardships | $59.84 |
| **TOTAL** | | **$16,708.74** |

**F. Meet-and-Confer Efforts**

On October 13, 2023, Foster Wheeler's counsel first discussed this motion with Plaintiff's counsel, Mr. Shingler. [Declaration of Robert J. Bugatto (Bugatto Decl.) ¶ 2.] After discussing the motion with Mr. Shingler, the parties agreed that additional discussions should take place with Mr. Seitz of the Frost Firm. [*Id.* ¶ 3.] Foster Wheeler's counsel, Mr. Bugatto, met and conferred with Mr. Seitz on October 20, 2023, both via telephone and email. [*Id.* ¶ 4.] There was no agreement as to whether the motion had merit or how much in sanctions, if any, were appropriate. [*Id.*]

### III. LEGAL ARGUMENT

#### A. Scott Frost's Conduct Is Sanctionable on Numerous Grounds

##### 1. Mr. Frost's Failure to Advise His Colleagues of His Unavailability in Advance of the Pretrial Conference Violated Rule 16(f)

Rule 16(f) provides in relevant part that "[o]n motion . . . the court may issue any just orders . . . if a party or its attorney: . . . (B) is substantially unprepared to participate – or does not participate in good faith – in the [pretrial] conference . . . ." In addition to any other sanction, "the court must order the party, its attorney, or both to pay the reasonable expenses . . incurred because of any noncompliance with" Rule 16 "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.* Rule 16(f)(2).

Here, as discussed above, Mr. Frost chose to conceal critical information about his unavailability from his firm and sent an uninformed colleague to the pretrial conference on September 18. Mr. Frost, who claims to be an expert in his field, had to know that the ignorant attorney would not be able to fulfill his ethical obligations of candor to the Court and counsel and would likely make misrepresentations based on his ignorance. By failing to advise his colleague of the need to inform the Court and counsel regarding his unavailability, Mr. Frost caused Plaintiff to participate in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS FOSTER WHEELER ENERGY CORPORATION AND FOSTER WHEELER LLC's MOTION FOR SANCTIONS AGAINST ATTORNEY SCOTT FROST

the pretrial conference in bad faith. Thus, Foster Wheeler is entitled to its reasonable expenses pursuant to Rule 16(f)(2).

### 2.  Mr. Frost also Violated 28 U.S.C. Section 1927

Mr. Frost's conduct is also sanctionable under U.S. Code § 1927, which states as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. *See, e.g., U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342.[4] Here, as discussed above, Mr. Frost unreasonably multiplied the proceedings in this case by failing to advise the Court and counsel of his unavailability until after Foster Wheeler had unnecessarily incurred the travel and other expenses outlined above.

### 3.  Mr. Frost's Delay in Seeking a Continuance Violates This Court's Standing Orders

Pursuant to this department's procedures:

> . . . .  Requests for continuance should be submitted well in advance of the requested relief. Requests for continuance not in compliance with the Court's Standing Order or the Local Rules for the Central District of California will be denied.

[https://www.cacd.uscourts.gov/honorable-george-h-wu].

Mr. Frost clearly did not follow this department's procedure. As his Declarations indicate, he was aware of his unavailability for the October 3rd trial date

---

[4] The Court also has the power to issue sanctions under its inherent power that also requires a general duty of candor. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F. 3d 1112 (9th Cir. 2000). In addition, this Court the power to issue sanctions pursuant to Local Rule 11-9.

by August 30th but waited until September 27th to advise anyone, which was a mere six days before the trial date. Foster Wheeler relied on the misrepresentations (by omission) of Mr. Frost to its detriment and proceeded to incur substantial costs arising from its attempts to prepare for trial.[5]

### B. The Amount of Costs Sought Are Reasonable

Foster Wheeler seeks costs related to copying and shipping charges for trial exhibits, hotel charges, plane tickets, and cab / Uber / Lyft fare to and from the airport. All of these could have been avoided if Mr. Frost simply sought a trial continuance in early September, when he knew he would need one.

### IV. CONCLUSION

For all of the foregoing reasons, the instant motion should be granted and costs in the amount of **$16,708.74** awarded to Foster Wheeler.

Date: October 23, 2023                    HUGO PARKER LLP

                                          */s/ Edward R. Hugo*

                                          Edward R. Hugo
                                          Robert J. Bugatto
                                          Attorneys for Defendants FOSTER WHEELER ENERGY CORPORATION and FOSTER WHEELER LLC

---

[5] A violation of a judge's standing orders can lead to sanctions if the violator is provided actual notice of the rules. Fed. R. Civ. Proc., Rule 83(b). Even if this Court holds that Judge Wu's website, which lists the relevant procedures, did not provide "actual notice" to Mr. Frost, the Court has the inherent authority to issue sanctions. Thus, Foster Wheeler submits that Mr. Frost's failure to abide by this department's procedures may be considered in awarding sanctions pursuant to the Court's inherent power.